# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KENDALL RUNNEBAUM, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-2151-KHV |
| | ) | |
| MAGELLAN HEALTHCARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE

Kendall Runnebaum brings suit against her former employer, Magellan Healthcare, Inc. On July 10, 2019 Magistrate Judge Gwynne E. Birzer ordered plaintiff to show cause in writing why the Court should not dismiss this action with prejudice for lack of prosecution under Rule 41(b), Fed. R. Civ. P. This matter comes before the Court on plaintiff's Response To Order To Show Cause (Doc. #5) filed July 24, 2019. For reasons stated below, the Court finds that dismissal with prejudice is not appropriate and exercises its discretion to extend the time for service of process to October 1, 2019. In addition, the Court orders plaintiff's counsel to show cause on or before October 3, 2019 why he should not be sanctioned and referred to the Kansas Disciplinary Administrator for professional discipline.

## Procedural Background

On March 18, 2019, plaintiff filed a complaint against defendant alleging unlawful employment practices in violation of 42 U.S.C. § 2000e-3 and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq. Complaint (Doc. #1). As of June 17, 2019, the deadline for service under Rule 4(m), Fed. R. Civ. P., plaintiff had not served the summons and

complaint on defendant. On June 24, 2019, the chambers of Magistrate Judge Gwynne E. Birzer contacted plaintiff's counsel by email regarding the status of this action. Judge Birzer's chambers informed counsel that if chambers did not receive any formal filings or informal status reports which indicated the status of service, Judge Birzer would proceed with a show cause order. Counsel did not respond. On July 10, 2019, Judge Birzer found that the deadline for service had expired and that plaintiff had yet to secure service on defendant. Notice And Order To Show Cause (Doc. #4). Accordingly, Judge Birzer ordered plaintiff to show good cause in writing why the Court should not dismiss this action with prejudice for lack of prosecution under Rule 41(b), Fed. R. Civ. P. Id.

On July 24, 2019, plaintiff's counsel filed a response to the show cause order. Response To Order To Show Cause (Doc. #5). Plaintiff's counsel asserts that "plaintiff had neglected and failed to comply with a material obligation owed to [counsel]" but that he and plaintiff "have conferred and counsel has agreed to modify his fee contract and proceed with prosecution of this case." Id. Counsel filed the summons with the response to the show cause order. As of the date of this order, the docket does not reflect that plaintiff has secured service on defendant.

**Legal Standards**

Under Rule 4(m) plaintiff has 90 days from filing the complaint to serve defendant with the summons and complaint. If plaintiff does not timely serve defendant, the Court may dismiss the action without prejudice or order that plaintiff effect service within a specified time. Fed. R. Civ. P. 4(m). If plaintiff shows good cause for the failure to serve defendant within 90 days, the Court will extend the time for service. Id. Absent a showing of good cause, the Court may still grant a permissive time extension or dismiss the case without prejudice. See id. In addition, pursuant to Rule 4(l)(1), Fed. R. Civ. P., unless a United States marshal or deputy marshal secures

service, plaintiff must file the server's affidavit with the Court as proof of service. Under Rule 41(b), if plaintiff fails to comply with the Federal Rules of Civil Procedure or a Court order, the Court may sua sponte dismiss the action with or without prejudice. See Davis v. Miller, 571 F.3d 1058, 1060 (10th Cir. 2009). Dismissal of an action with prejudice is a severe sanction which the Court employs only as a last resort. Id. at 1061 (citation omitted). Before dismissing a case with prejudice, the Court considers the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

Id. (citing Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992)). Dismissal is an appropriate sanction only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits. Id. "The intent is to impose the sanction where the fault lies. . . . If the fault lies with the attorneys, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Id. (quoting In re Baker, 744 F.2d 1438, 1440, 1442 (10th Cir. 1984) (en banc)) (internal quotation marks omitted). The purpose of the first three factors is to help the Court determine whether the lawyer or the client is at fault and, accordingly, where the Court should lodge the impact of the sanction. Id. (citing Ocelot Oil Corp. v. Sparrow Industries, 847 F.2d 1458, 1465 (10th Cir. 1988)).

**I. Whether The Court Should Dismiss With Prejudice**

On balance, the Ehrenhaus factors counsel against dismissal with prejudice. As to the first factor, the record does not reflect that plaintiff's failure to timely serve defendant has actually prejudiced defendant. As to the second factor, although plaintiff's failure to comply with

Rule 4(m) has slowed the Court's ability to efficiently manage its docket, it has not significantly interfered with the judicial process. As to the third factor, plaintiff's counsel – not plaintiff – is culpable. As to the fourth factor, Judge Birzer's show cause order warned plaintiff that dismissal for lack of prosecution was a possible sanction. As to the fifth and final factor, it is not clear whether dismissal of this case – as an extreme sanction which the Court only imposes as a last resort – is necessary to deter counsel's misconduct here or elsewhere. See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). However, as discussed below, the Court orders plaintiff's counsel to show cause why the Court should not sanction him and refer him to the Kansas state bar disciplinary administration. Considering the Ehrenhaus factors, the Court finds that dismissal with prejudice is not warranted at this time.

## II. Permissive Extension For Service Of Process

Plaintiff has not shown good cause for the failure to complete service. See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996) (mistake of counsel usually not good cause for failure to follow Rule 4). Even where plaintiff does not show good cause, however, the Court considers whether a permissive extension of time is warranted or whether the case should be dismissed without prejudice. Espinoza v. United States, 52 F.3d 838, 841 (10th Cir.1995). Even without a showing of good cause, courts prefer to decide cases on their merits rather than on technicalities. See Hardin v. Manitowoc-Forsythe Corp., 691 F.2d 449, 456 (10th Cir. 1982). In making its determination whether to grant a permissive extension, the Court considers whether an extension would prejudice defendant, whether defendant was on notice of the lawsuit and whether the applicable statute of limitations would bar the refiled action. Espinoza, 52 F.3d at 842.

At this point, dismissal of the complaint might bar some of plaintiff's claims. This fact counsels against dismissal. Moreover, the record does not indicate that defendant has suffered

prejudice from the delay in service. Under these circumstances, the Court finds that a permissive extension is warranted.

## III. Order To Show Cause

As noted, plaintiff's counsel – not plaintiff – is culpable for the failure to timely serve defendant. In his response to the show cause order, plaintiff's counsel asserts that plaintiff had failed to comply with a material obligation owed to him, but that counsel has now agreed to modify the fee contract and proceed with prosecution of this case.

A fee dispute does not justify counsel's failure to timely serve defendant. As a practical matter, retained counsel are often required to represent clients without being paid in full. See Roll v. Bowersox, 16 F. Supp. 2d 1066, 1078 (W.D. Mo. 1998). Courts presume, however, that the attorney will subordinate his pecuniary interests and honor his primary professional responsibility to his client. See United States v. Akwuda, 208 F.3d 204, 2000 WL 311051, at *1 (2d Cir. 2000); United States v. O'Neill, 118 F.3d 65, 71-72 (2d Cir. 1997); United States v. DiCarlo, 575 F.2d 952, 957 (1st Cir.), cert. denied, 439 U.S. 834 (1978); see also Motta v. Dist. Dir., Immigration & Naturalization Serv., 869 F. Supp. 80, 89 (D. Mass. 1994) (attorney dissatisfaction with fee arrangement not legitimate excuse for filing untimely appeal), vacated on other grounds, 61 F.3d 117 (1st Cir. 1995). Even though breach of a fee arrangement may constitute sufficient grounds for counsel to file a motion to withdraw from a case, counsel is obligated to continue to vigorously represent his client unless and until the Court permits him to withdraw. See D. Kan. R. 83.5.5(a)(1) (lawyer seeking to withdraw must file motion to withdraw); see also Kan. R. Prof. Conduct 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Comment 3 to Kan. R. Prof. Conduct 1.3 (lawyer should carry to conclusion all matters undertaken for client). Counsel's failure to secure service on defendant because plaintiff failed to pay a bill

appears to be a violation of this Court's rules and a dereliction of his professional obligations.

**IT IS THERFORE ORDERED** that plaintiff's counsel show cause in writing on or before **October 3, 2019** why the Court should not sanction him in the amount of $500 and refer him to the Kansas Disciplinary Administrator for professional discipline.

**IT IS FURTHER ORDERED** that plaintiff shall secure service on defendant on or before **October 1, 2019.**

Dated this 19th day of September, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge