# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KENDALL RUNNEBAUM, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 19-2151-KHV |
| | ) | |
| MAGELLAN HEALTHCARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On September 19, 2019, the Court directed plaintiff's counsel Peter C. Rombold to show cause on or before October 3, 2019 why he should not be sanctioned and referred to the Kansas Disciplinary Administrator for professional discipline. Memorandum And Order And Order To Show Cause (Doc. #6) at 6. As of the date of this order, plaintiff's counsel has not responded to the Court's show cause order. For reasons stated below, the Court orders that Rombold pay to the Clerk of the Court as sanctions in this case the sum of $500.00. The Court also refers this matter to the Kansas Disciplinary Administrator for such further proceedings as may be appropriate.

## Factual Background

On March 18, 2019, plaintiff filed a complaint against defendant alleging unlawful employment practices in violation of 42 U.S.C. § 2000e-3 and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq. Complaint (Doc. #1). As of June 17, 2019, the deadline for service under Rule 4(m), Fed. R. Civ. P., plaintiff had not served the summons and complaint on defendant.

On June 24, 2019, the chambers of U.S. Magistrate Judge Gwynne E. Birzer contacted Rombold by email regarding the status of this action. Judge Birzer's chambers informed him that if chambers did not receive any formal filings or informal status reports which indicated the status

of service, Judge Birzer would proceed with a show cause order.  Rombold did not respond.

On July 10, 2019, Judge Birzer found that the deadline for service had expired and that plaintiff had yet to secure service on defendant.  Notice And Order To Show Cause (Doc. #4).  Accordingly, Judge Birzer ordered plaintiff to show good cause in writing why the Court should not dismiss this action with prejudice for lack of prosecution under Rule 41(b), Fed. R. Civ. P.  Id.

On July 24, 2019, Rombold filed a response to Judge Birzer's show cause order.  Response To Order To Show Cause (Doc. #5).  He asserted that "plaintiff had neglected and failed to comply with a material obligation owed to [counsel]" but that he and plaintiff "have conferred and counsel has agreed to modify his fee contract and proceed with prosecution of this case."  Id.  Rombold filed the summons with the response to the show cause order.

On September 19, 2019, the Court found that dismissal with prejudice was not appropriate at that time and exercised its discretion to extend the time for plaintiff to secure service of process on defendant to October 1, 2019.  Memorandum And Order And Order To Show Cause (Doc. #6) at 4, 6.  In addition, the Court ordered Rombold to show cause why the Court should not impose sanctions and refer him to the Kansas Disciplinary Administrator for professional discipline.  Id. at 6.  The Court found that Rombold's stated reason for failing to secure service on defendant was that his client had failed to pay a bill.  The Court stated that this appeared to be a violation of this Court's rules and a dereliction of Rombold's professional obligations.  Id.  The Court explained that while breach of a fee arrangement may constitute sufficient grounds for counsel to file a motion to withdraw from a case, counsel must continue to vigorously represent his client unless and until the Court permits him to withdraw.  See D. Kan. R. 83.5.5(a)(1) (lawyer seeking to withdraw must file motion to withdraw); see also Kan. R. Prof. Conduct 1.3 (lawyer shall act with reasonable diligence

and promptness in representing client); Comment 3 to Kan. R. Prof. Conduct 1.3 (lawyer should carry to conclusion all matters undertaken for client).

As of the date of this order, Rombold has not responded to the Court's order to show cause and the docket does not reflect that plaintiff has effectuated service on defendant.

## Analysis

I. **Authority To Impose Sanctions**

This Court has adopted the Kansas Rules of Professional Conduct, as promulgated by the Kansas Supreme Court, as the applicable standards of professional conduct. See D. Kan. Rule 83.6.1. Under D. Kan. Rule 11.1(c), the Court has discretion whether to impose sanctions for violation of a local rule. Federal courts also possess inherent authority to sanction both attorneys and litigants for conduct that amounts to abuse of the judicial process. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766 (1980); Morris v. Adam-Millis Corp., 758 F.2d 1352, 1357 n.7 (10th Cir. 1985). This inherent authority "extends to a full range of litigation abuses," Chambers, 501 U.S. at 46, including attorneys who violate the Rules of Professional Conduct. See Hammond v. City of Junction City, Kan., 126 F. App'x 886, 889 (10th Cir. 2005) (magistrate judge did not exceed jurisdiction when he imposed sanctions for violation of Kansas Rule of Professional Conduct); Myers v. Colgate-Palmolive Co., 173 F.R.D. 296, 300 (D. Kan. 1997) (sanctions for violation of Model Rules of Professional Conduct may include report to state disciplinary authority, monetary sanctions or other appropriate sanctions); see also Chambers, 501 U.S. at 43 (federal court has power to control admission to its bar and to discipline attorneys); In re Snyder, 472 U.S. 634, 645 n.6 (1985) (state code of professional responsibility did not by its own terms apply to attorney sanctions in federal courts, but in exercising inherent power under standards imposed by federal law, federal court may charge attorneys with knowledge of and

conformity to state codes); Roadway, 447 U.S. at 766 (power of court over members of its bar is at least as great as its authority over litigants); Fink v. Gomez, 239 F.3d 989, 991-992 (9th Cir. 2001) (sanctions may be imposed under court's inherent authority for "bad faith" actions which include broad range of "willful improper conduct"); Carlucci v. Piper Aircraft Corp., 775 F.2d 1440, 1447 (11th Cir. 1985) (even absent explicit legislative enactment, court has power to impose reasonable and appropriate sanctions upon errant lawyers practicing before it). This Court's "inherent power" to sanction errant lawyers "can be invoked even if procedural rules exist which sanction the same conduct." Chambers, 501 U.S. at 49.

## II.     Counsel's Conduct

The deadline for effectuating service of process on defendant was June 17, 2019. Rombold's stated reason for failing to comply with Rule 4(m), Fed. R. Civ. P., was that his client had failed to comply with a material obligation she owed him. His conduct in this regard was a violation of his professional obligation under Rule 1.3 of the Kansas Rules of Professional Conduct. See Kan. R. Prof. Conduct Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client); Comment 1 to Rule 1.3 (lawyer should pursue matter on behalf of client despite personal inconvenience to lawyer); Comment 3 to Rule 1.3 (unless relationship terminated as provided in Rule 1.16, lawyer should carry through to conclusion all matters undertaken for client).

The Court exercises caution in invoking its inherent power. See Chambers, 501 U.S. at 50. For the imposition of sanctions to be proper, the Court "must comply with the mandates of due process," id., meaning that the Court must provide a lawyer facing sanctions with notice and an opportunity to respond, orally or in writing, to the invocation of such sanctions and to justify his actions. Thomas v. Tenneco Packaging Co., Inc., 293 F.3d 1306, 1320-21 (11th Cir. 2002).

The Court offered Rombold an opportunity to explain why it should not sanction him and refer him for professional discipline, and he did not respond. To state the obvious, in failing to respond he has also failed to show good cause why the Court should not impose sanctions and report him to the Kansas Disciplinary Administrator.

As the Court explained in its order of September 19, 2019, a dispute over the amount of fees does not justify counsel's conduct. As a practical matter, retained counsel are often required to represent clients without being paid in full. See Roll v. Bowersox, 16 F. Supp.2d 1066, 1078 (W.D. Mo. 1998). The Court presumes, however, that the lawyer will subordinate his pecuniary interests and honor his primary professional responsibility to his client. See United States v. Akwuda, 208 F.3d 204, 2000 WL 311051, at *1 (2d Cir. 2000); United States v. O'Neill, 118 F.3d 65, 71-72 (2d Cir. 1997); United States v. DiCarlo, 575 F.2d 952, 957 (1st Cir. 1978); see also Motta v. Dist. Dir., Immigration & Naturalization Serv., 869 F. Supp. 80, 89 (D. Mass. 1994) (attorney dissatisfaction with fee arrangement not legitimate excuse for filing untimely appeal), vacated on other grounds, 61 F.3d 117 (1st Cir. 1995); United States v. Wright, 845 F. Supp. 1041, 1073 n.35 (D.N.J.) (nonpayment of fees does not establish conflict of interest of type which would establish ineffective assistance; lawyers are required to provide zealous advocacy regardless of criminal defendant's failure to pay legal fees), aff'd, 46 F.3d 1120 (3d Cir. 1994). The Kansas Rules of Professional Conduct obligate Rumbold to continue to vigorously represent his client unless and until the Court permits him to withdraw. See Kan. R. Prof. Conduct 1.3 (lawyer shall act with reasonable diligence and promptness in representing client). Based on Rombold's failure to show cause why he did not violate the Rules of Professional Conduct, the Court finds that sanctions are appropriate.

**III.  Amount Of Sanctions**

In exercising its inherent authority, the Court has discretion to choose the most appropriate sanction under the circumstances.  The purposes of sanctions include (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse and (4) streamlining court dockets and facilitating case management.  White v. Gen. Motors Corp., Inc., 908 F.2d 675, 683 (10th Cir. 1990).  The primary goal of sanctions is to deter misconduct. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398 (1990).  In considering the imposition of sanctions, the Court must consider on a case-by-case basis whether counsel's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate.  In re Westinghouse Elec. Corp. Uranium Contracts Litig., 563 F.2d 992, 997 (10th Cir. 1977) (citing Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197 (1958)).

In addition, for sanctions to be proper under the Court's inherent powers, the Court must find that the lawyer's actions demonstrated bad faith.  Barnes v. Dalton, 158 F.3d 1212, 1214 (11th Cir. 1998) (finding of bad faith key to unlocking court's inherent power).  Subjective bad faith is not necessarily required, however, for the Court to impose sanctions under its inherent authority.  See In re Endrex Invs., Inc., 111 B.R. 939, 947 (D. Colo. 1990); see also Braley v. Campbell, 832 F.2d 1504, 1512 (10th Cir. 1987) (conduct that constituted or was tantamount to bad faith); McCandless v. Great Atl. & Pac. Tea Co., 697 F.2d 198, 200 (7th Cir. 1983) (attorney who acts with "an empty head and a pure heart" should be responsible for consequences).

The Court finds that Rombold's conduct in this case was "tantamount to bad faith." Roadway, 447 U.S. at 767.  Viewed objectively, Rombold's conduct manifested a gross disregard of his professional duty to his client.  As explained above, Rombold's explanation is unreasonable

and a violation of Rule 1.3 of the Kansas Rules of Professional Conduct.

To adequately deter other attorneys from similar misconduct and to punish Rombold for his conduct, the Court imposes sanctions against Rombold in the amount of $500.00. See White, 908 F.2d at 684 (appropriate sanction should be least severe sanction adequate to deter and punish); see also United States v. Johnson, 327 F.3d 554 (7th Cir. 2003) (misconduct that is merely questionable warrants less severe sanction no matter how "dimwitted" the offenders or how badly they "muck up" case); Diettrich v. N.W. Airlines, Inc., 168 F.3d 961, 964 (7th Cir. 1999) (when resorting to inherent power, punishment must fit crime).

**IT IS THERFORE ORDERED that on or before November 15, 2019, Peter C. Rombold shall pay $500.00 as sanctions to the Clerk of the Court. If Rombold fails to pay the sanctions, he shall be subject to sanctions for contempt of court including, without limitation, a fine or imprisonment. See 18 U.S.C. § 401(3) (court may punish by fine or imprisonment contempt of its authority including disobedience to its lawful order).**

The Court directs the Clerk to send a copy of this order to the Office of the Disciplinary Administrator, 701 SW Jackson Street, 1st Floor, Topeka, Kansas 66603-3729.

Dated this 21st day of October, 2019 at Kansas City, Kansas.

           s/ Kathryn H. Vratil
           KATHRYN H. VRATIL
           United States District Judge